UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE KITASATO INSTITUTE<br>9-1, SHIROKANE 5-CHOME, MINATO-KU<br>TOKYO, JAPAN 108-8641<br><br>    Plaintiff,<br><br>    v.<br><br>HON. DAVID J. KAPPOS<br>In His Official Capacity As Under Secretary of<br>Commerce for Intellectual Property and<br>Director of the United States Patent and<br>Trademark Office.  Office of the General<br>Counsel, United States Patent and Trademark<br>Office, 401 Dulany Street, Randolph Building,<br>Alexandria, VA  22314.<br><br>    Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, The Kitasato Institute ("Kitasato"), for this complaint against the Defendant Honorable David Kappos in his official capacity as the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, state as follows:

## NATURE OF THE ACTION

1. This is an action by the exclusive licensee and the assignee of United States Patent No. 7,560,484 ("the '484 patent") for review of the determination by Defendant pursuant to 35 U.S.C. § 154, of the patent term accorded the '484 patent. Plaintiff seeks a judgment pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment of the '484 patent be changed from 779 days to at least 988 days.

2. This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

3. Plaintiff Kitasato is school juridical person (educational corporation) incorporated under the private school laws of Japan, having a principal place of business at 9-1, SHIROKANE 5-CHOME, MINATO-KU, TOKYO, JAPAN 108-8641.

4. Defendant David Kappos ("the Director") is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("PTO"), acting in his official capacity. The Director is the head of the PTO and is responsible for superintending and performing all duties required by law with respect to the granting and issuing of patents. The Director is designated by statute as the official responsible for determining the period of patent term adjustment under 35 U.S.C. § 154.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this action and is authorized to issue the relief sought by Plaintiff pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

6. Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

7. This Complaint is being timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## BACKGROUND

8. Haruki YAMADA, Hiroaki KIYOHARA, Takayuki NAGAI and Toshiaki SUNAZUKA are the inventors of the claims of U.S. patent application number 10/363,484 ("the '484 application"), filed on August 12, 2003, entitled "VACCINE PREPARATION CONTAINING FATTY ACID AS A CONSTITUENT," which issued on July 14, 2009, as the '484 patent. A copy of the '484 patent is attached hereto as Exhibit 1.

9. Plaintiff Kitasato is the owner by assignment of all right, title and interest in the '484 patent, as evidenced by records recorded in the PTO, and are the real parties in interest in this case.

10. Section 154 of 35 U.S.C. requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b). Specifically, 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

11. In calculating the patent term adjustment, the Director must account for PTO delays under 35 U.S.C. § 154(b)(1)(A) and (B), any overlapping periods in the PTO delays under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any applicant delays under 35 U.S.C. § 154(b)(2)(C).

12. The Director made a determination of patent term adjustment pursuant to 35 U.S.C. § 154(b)(3) and on July 14, 2009, the '484 patent issued with a patent term adjustment of 779 days listed on the face of the patent.

13. As directed by 35 U.S.C. § 154 (b)(3)(B)(ii), the Director has prescribed

regulations providing the applicant "one opportunity to request reconsideration of any patent term adjustment determination made by the Director." Specifically, 37 C.F.R. § 1.705(d) provides that "any request for reconsideration of the patent term adjustment indicated in the patent must be filed within two months of the date the patent issued."

14. On September 8, 2009, Plaintiff Kitasato timely filed a Request for Reconsideration of Patent Term Adjustment Determination under 37 C.F.R. § 1.705(d) and 35 U.S.C. § 154 ("the Request for Reconsideration") with the PTO to correct errors in the Director's patent term adjustment determination to the '484 patent. A copy of the Request for Reconsideration is attached hereto as Exhibit 2. The PTO has not issued a decision to the Request.

15. Under 35 U.S.C. § 154(b)(4)(A), "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent. Chapter 7 of title 5 shall apply to such action."

## CLAIM FOR RELIEF

16. The allegations of paragraphs 1-14 are incorporated in this claim for relief as if fully set forth herein.

17. The patent term adjustment for the '484 patent, as determined by the Director under 35 U.S.C. § 154(b), and listed on the face of the '484 patent, is 779 days. (*See* Ex. 1 at 1). The determination of the 779 days is in error because the PTO failed to properly account for the delays that occurred after the date that was three years after the actual filing date of the '484 application pursuant to 35 U.S.C. § 154(b)(1)(B) ("B Delay"). The correct patent term adjustment for the '484 patent is at least 988 days.

18. The '484 application is the U.S. national phase filing of PCT/JP01/07379, with a filing date under 35 U.S.C. § 371(c) of August 12, 2003, and issued as the '484 patent on July 14, 2009.

19. Under 35 U.S.C. § 154(b)(1)(A), Plaintiff does not dispute that the Office did correctly calculate the term adjustments to include the term adjustments that Applicants are entitled to under 37 CFR § 1.703(a) for a U.S. National Stage Application under § 371 as a total of **610 days** as shown on Exhibits A (Patent Term Adjustment History) and D (Applicant PTA Calculation) of attached Exhibit 2. This period of time began on August 12, 2003 (date § 371(c) requirements satisfied) and ended on June 14, 2006 when a Restriction Requirement was mailed by the Office.

20. Under 35 U.S.C. § 154(b)(1)(B), Kitasato Institute is also entitled to additional patent term adjustment of the '484 patent of a period of **673 days**, which is the number of days beyond three years after the actual filing date of the '484 application (*i.e.*, March 1, 2006) until a Request for Continued Examination ("RCE") was filed on September 27, 2007 ("B Delay").

21. Plaintiff submit that the Office erred in its calculation of the three-year pendency provision under 35 U.S.C. § 154(b)(l)(B). First, the Office failed to take into account that the date that determines the three-year provision was the commencement date as defined by 35 U.S.C. § 371(b) and (f). Instead, the Office used the 35 U.S.C. § 371(c) date of August 12, 2003 as its "filing" date (see Exhibit A of attached Exhibit 2) for purposes of calculating "A Delay" and "B Delay". Therefore, the date the Office used as its three-year date was August 13, 2006 instead of the appropriate March 1, 2006 date. Then, the Office failed to note that a first RCE was filed in the present application on January 3, 2008 (see Exhibits A-C of attached Exhibit 2) and used the second RCE filing of December 19, 2008 in their calculation of term

adjustment. Thus, the Office's determination of "B Delay" was from August 13, 2006 through December 19, 2008 for a total of 860 days. Viewing Exhibit A of attached Exhibit 2, the 250 days (PTA 36 Months) is the difference between the initial 610 day delay and the total determined 860 day delay.

22.  35 U.S.C. § 154(b)(2)(A) states that "to the extent that periods of delay attributable to grounds specified in paragraph [154(b)(1)] overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the issuance of the patent was delayed." Applicants submit that there are **106 days** of overlap under § 1.703(a)-(e) which include the March 1, 2006 three-year date through the June 14, 2006 date of mailing of a Restriction Requirement. Therefore the "A Delay" was still occurring on March 1, 2006 (start of "B Delay") and ended on June 14, 2006 when a first action on the merits was mailed from the Office.

23.  The total period of PTO delay is **1177 days**, which is the sum of the period of PTO examination delay ("A Delay," 610 days) and the period of the Three Year Delay ("B Delay," 673 days) minus 106 days of overlap.

24.  Under 35 U.S.C. § 154(b)(2)(C), the total period of PTO delay is reduced by the number of days of applicant delay which is determined as **189 days** as follows for the '484 patent:

    a.  A period of 61 days, from April 9, 2008 to June 9, 2008, due to failure of applicants' timely response to the PTO's action within three months (*i.e.*, PTO action mailed on January 9, 2008).

    b.  A period of 20 days, from November 29, 2008 to December 19, 2008, due to failure of applicants' timely response to the PTO's action within

three months (*i.e.*, PTO action mailed on August 29, 2008).

  c. A period of 108 days, between October 5, 2007 and January 3, 2008, due to the filing of an RCE, which is defined under § 1.704(c)(8) as a supplemental paper;.

  d. Thus, the total period of applicant delay under 35 U.S.C. § 154(b)(2)(C) is 189 days which is the sum of the periods of 61 days, 20 days and 108 days.

25. Accordingly, the correct patent term adjustment to which the Plaintiff is entitled under 35 U.S.C. § 154(b)(1) and (2) is 988 days, which is the difference between the total period of PTO delay (1177 days) and the period of applicant delay (189 days).

26. The '484 patent is not subject to a terminal disclaimer. Thus the period of patent term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

27. The Director erred in the determination of patent term adjustment for the '484 patent by erroneously treating the entire period of PTO "A Delay" as overlapping with the entire period of PTO "B Delay", and including only the "B Delay", instead of the sum of both the "A Delay" and "B Delay" in the patent term adjustment. Thus, the Director incorrectly calculated a patent term adjustment for the '484 patent as 779 days. By this erroneous calculation, the Director has deprived the Plaintiff of the full patent term adjustment to which they are entitled under the applicable statutes (calculated above as 988 days).

28. In its opinion in *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008), this Court explained the proper construction of the provisions of 35 U.S.C. § 154(b) for determining the patent term adjustment. The Federal Circuit affirmed the District Court's decision in *Wyeth v. Kappos*, Docket No. 2009-1120, decided January 7, 2010 (Fed. Cir.). In accordance with *Wyeth*,

the patent term adjustment for the '484 patent is properly determined to be 988 days, as set forth above.

29. The Director's determination that the '484 patent is entitled to only 779 days of patent term adjustment is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and in excess of statutory jurisdiction, authority, or limitation.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully prays that this Court:

    A. Issue an Order changing the period of patent term adjustment for the '484 patent from 779 days to 988 days, and requiring the Director to alter the term of the '484 patent to reflect the 988 day patent term adjustment;

    B. Issue an Order requiring the Director to correct the front page of the '484 patent, issue an appropriate Certificate of Correction, and otherwise take action to reflect on the '484 patent the 988 day patent term adjustment; and

    C. Grant such other and further relief as the Court deems just and equitable.

DATED: January 8, 2010

Respectfully submitted,

TOWNSEND AND TOWNSEND AND CREW LLP

By: _____
JONATHAN D. LINK (D.C. Bar No. 463141)
1301 K Street, N.W., Ninth Floor, East Tower
Washington, D.C. 20005
Telephone: (202) 481-9900
Facsimile: (202) 481-3972
Email: jlink@townsend.com

Attorney for Plaintiff
THE KITASATO INSTITUTE
9-1, SHIROKANE 5-CHOME, MINATO-KU
TOKYO, JAPAN 108-8641

62392495 v1